No. 63.—HENRY D. DARDEN, plaintiff in error, vs. JOHN BANKS and JAMES M. CHAMBERS, defendants in error.

The Planters & Mechanics Bank of Columbus issued certificates of deposit, of one of which, the following is in substance, a copy:

"John Peabody has deposited to the credit of D. McDougald, $6,325, which will be paid to his order on return of this certificate, in current bank notes."

*Held,* that this certificate was issued in violation of the second section of the act of 1837, to make penal the issuing &c., of bank bills &c., payable in any thing but gold and silver coin, and was, therefore, void.

*Debt,* in Muscogee Superior Court. Decision on demurrer

by his Honor EDMUND H. WORRILL, presiding Judge.  November Term, 1856.

This was an action brought by the plaintiff in error, Henry D. Darden, against the defendants in error, Banks and Chambers, as the surviving directors of the Planters & Mechanics Bank of Columbus, on two certificates of deposit, of one of which, the following is a copy, the other differing only in date and amount:

($6,325  00.)          "PLANTERS & MECHANICS BANK,
                         Columbus, Georgia, Sept. 15th, 1841.
John Peabody has deposited to the credit of D. McDougald, six thousand three hundred and twenty-five dollars, which will be paid to his order on return of this certificate in *current notes.*
      (Signed.)          M. ROBERTSON, *Cashier."*
And endorsed by McDougald to Darden without recourse.

There were several counts in the declaration, each alleging in substance the making and delivery of the certificates above referred to by the bank; their endorsement to Darden; the presentation of them to the bank for payment; its refusal to pay them, and their protest for non-payment.   The declaration also alleged that defendants in error were the surviving members of the Board of Directors at the dates of said certificates; that at those dates the capital stock of said bank actually paid in, in specie, over and above the amount of specie actually deposited in the vaults for safe keeping, was fifty thousand dollars and no more; and that the total amount of debts which the said corporation then and there owed, by bond, bill, note or other security, amounted to the sum of five hundred thousand dollars, being an excess of three hundred and fifty thousand dollars due by bond, bill, note or other security, over three times the amount of capital stock actually paid in; and that by reason of the violation of the fourth section of the charter of said bank, said surviving di-

rectors, under whose administration this excess occurred, were liable to, and owed the plaintiff in error said sums of money in said certificates specified.

To this declaration the defendants in error demurred. The Court sustained the demurrer and dismissed the case, and this decision of the Court is assigned as error.

R. J. MOSES; and J. JOHNSON, for plaintiff in error.

H. HOLT; and S. JONES, for defendants in error.

*By the Court.*—BENNING, J. delivering the opinion.

Were the certificates of deposit within the second section of the Act of 1837, to make penal the issuing &c. of bank bills &c., payable at more than three days after date, or payable in any other manner, or with any other thing than gold or silver coin? if they were, there can be little doubt that the demurrer was properly sustained. *Cobb Dig.*, 102.

The second section of the act is as follows: the parts that, in the opinion of this Court, are to be implied, being put in brackets.

"From and after the passage of this act, it shall not be lawful for any bank or other corporation in this State, or any President, Cashier, Teller, Clerk or any other officer or agent of any bank or other corporation in this State or elsewhere, or for any person or persons acting as an officer or officers, agent or agents, of any bank or other corporation in this State or elsewhere, to pay away or tender in payment, emit, issue, pass or circulate any bank bill, note, ticket, check, draft, receipt, instrument under seal, or chose in action, intended, fitted, or designed for circulation, instead or in character of either." [That is, or chose in action, intended, fitted, or designed for circulation instead or in character of a bank bill, note, ticket, check, draft, receipt, or instrument under seal,] "or" [to pay away &c.,] "any promise, to pay or to do anything whatever, in writing, to be used, or intended to be used, as paper

money, which [bank bill, note, ticket, check, draft, receipt, instrument under seal, or chose in action, or promises to pay or to do anything whatever, in writing,] "may be payable or redeemable in any other manner, or in any other thing than with gold and silver coin, at the standard value thereof, according to the laws of the land, under the penalty of one thousand dollars for each and every violation of any of the provisions or true intent and meaning of this act."

Any *chose in action* that is intended, fitted, or designed, for circulation, instead, or in character, of a "bank bill, note, ticket, check, draft, receipt, or instrument under seal," which chose in action, may be payable "in any other manner, or in any other thing than with gold and silver coin," is therefore within this section.

A chose in action made by a bank, that is negotiable, is fitted, if not intended and designed for circulation, and for circulation in the stead of, or in the character of, a bank bill, note, draft, &c., made by the bank. Especially is this so, if the chose in action be, in every essential particular, nothing but a "note" of the bank.

And such a chose in action, if payable in "current notes," is payable in "another manner," and in "another thing than with gold and silver coin."

Therefore such a chose in action is within the section.

But the certificates were such choses in action; they were negotiable, being made payable to the order of D. McDougald. They were, in every essential particular, but the promissory notes of the bank; they contained a consideration and a promise; they were payable in "current notes."

We think, therefore, that they were within the section, and consequently, that the judgment of the Court below, sustaining the demurrer, was right.

Judgment affirmed.